UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CEDRIC RAMONE WILLIAMS                                                                    PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:11-cv-453-FKB

MALCOLM MCMILLAN, ET AL.                                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendants' Motion for Summary Judgment (Docket No. 32). Having reviewed the motion and having received no response from Plaintiff, the Court concludes that the motion should be granted.

*FACTS AND HISTORY*

Plaintiff Williams, who is proceeding *pro se* and *in forma pauperis*, filed this lawsuit pursuant to 42 U.S.C. § 1983. Williams is incarcerated at the Hinds County Detention Center and claims that the defendants have not provided him with a special boot, prescribed by a doctor, for his medical condition. At the omnibus hearing in this matter,[1] counsel for the defendants represented to the Court that the issue with the boot prescribed was that it contained metal, which is prohibited in the prison context. Defense counsel explained that instead of the boot, Plaintiff was allowed to wear his own tennis shoes rather than standard jail issued shoes. Be that as it may, Defendants have moved for summary judgment alleging that Williams failed to exhaust available administrative remedies before filing his complaint.

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

1

*SUMMARY JUDGMENT STANDARD*

Summary judgment is appropriate if the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." St. Amant v. Benoit, 806 F.2d 1294, 1296-97 (5th Cir.1987). "The requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). "Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. Moreover, the Fifth Circuit has consistently held that "[b]are bones allegations are insufficient to withstand summary judgment because the party opposing summary judgment 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" Howard v. City of Greenwood, 783 F.2d 1311, 1315 (5th Cir.1986) (quoting Nicholas Acoustics & Specialty Co. v. H & M Constr. Co. Inc., 695 F.2d 839, 845 (5th Cir.1983)).

*EXHAUSTION*

A prisoner must exhaust available administrative remedies before bringing a prison conditions lawsuit. 42 U.S.C. § 1997e. The relevant portion of 42 U.S.C. § 1997e states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In Booth v. Churner, 121 S.Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the Prison Litigation Reform Act of 1995 ("PLRA"), requires an inmate to exhaust administrative remedies before bringing an action with

respect to prison conditions, regardless of the relief offered through administrative procedures. Booth, 121 S.Ct. at 1825. The United States Supreme Court reiterated this position the next year, holding that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life. See Porter v. Nussle, 122 S.Ct. 983 (2002); see also Dillon v. Rogers, 596 F.3d 260 (5th Cir. 2010).

In support of their motion for summary judgment, Defendants have provided a copy of the Hinds County Detention Center's grievance procedure, as well as an affidavit and inmate records demonstrating that Plaintiff did not utilize the procedure. Docket Nos. 32-2, 32-3. Though he did not respond to the motion, Williams testified at the omnibus hearing that he submitted one grievance, did not hear anything, and then verbally made a medical grievance to which a nurse gave him a verbal response. Even if taken as true, that testimony does not establish that Williams followed all the steps of either the regular grievance procedure or the health care grievance procedure described in Docket No. 32-2. Therefore, Williams' complaint must be dismissed for failure to exhaust administrative remedies.

*CONCLUSION*

Based on the foregoing, Defendants' Motion for Summary Judgment is granted and the complaint in this matter is dismissed without prejudice.

SO ORDERED, this the 3rd day of July, 2012.


s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE